**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**DERRICK E. RICHARD,**

    **Petitioner,**

    v.                                                 **CASE NO. 20-3197-SAC**

**STATE OF KANSAS,**

    **Respondent.**

**ORDER TO SHOW CAUSE**

This matter is a *pro se* petition for writ of habeas corpus filed under 28 U.S.C. § 2254. The Court granted Petitioner leave to proceed *in forma pauperis*. The Court has conducted an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Court directs Petitioner to show cause why this matter should not be dismissed.

**Background**

On October 27, 2011, Petitioner was sentenced in Sedgwick County District Court to serve a life sentence for Felony Murder and 19 months consecutively for Criminal Possession of a Firearm. *State v. Richard*, Case No. 2010CR2332 (Sedgwick County District Court). Petitioner appealed, and his sentence was affirmed by the Kansas Supreme Court on September 5, 2014. *State v. Richard*, Case No. 107962, 300 Kan. 715, 333 P.3d 179 (2014).

On September 1, 2015, Petitioner filed a motion under K.S.A. 60-1507, which was denied on July 18, 2017. Petitioner appealed and the denial of his motion was affirmed on January 21, 2020. *Richard v. State*, No. 120,298 (Kan. Ct. App. Jan. 21, 2020).

On March 20, 2019, Petitioner filed a Motion to Correct Illegal Sentence in his criminal case. *State v. Richard*, Case No. 2010CR2332 (Sedgwick County District Court). The docket in

1

his criminal case shows that an order was entered on June 11, 2019. *Id.* Petitioner filed Notices of Appeal in his criminal case on June 21, 2019 and July 3, 2019, and his criminal case shows the status as "On Appeal." *Id.* Petitioner's appeal is docketed in the Kansas Court of Appeals as Case No. 121893. The appeal appears to be pending with the district court record being received on June 18, 2020.

Petitioner filed the instant Petition under § 2254 on July 21, 2020.

**Discussion**

A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. *See* 28 U.S.C. § 2254(b)(1); *see also Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) ("A state prisoner generally must exhaust available state-court remedies before a federal court can consider a habeas corpus petition."). Because Petitioner's state criminal case is pending on appeal, he should show good cause why his Petition should not be dismissed without prejudice to refiling after his state criminal matters are resolved.

**IT IS THEREFORE ORDERED THAT** Petitioner is granted until **September 11, 2020,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his Petition should not be dismissed without prejudice to refiling after his state criminal matters are resolved.

**IT IS SO ORDERED**.

Dated August 17, 2020, in Topeka, Kansas.

>s/ Sam A. Crow
>Sam A. Crow
>U.S. Senior District Judge