IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DERRICK E. RICHARD,**

      **Petitioner,**

      v.                                        **CASE NO. 20-3197-SAC**

**STATE OF KANSAS,**

      **Respondent.**

## ORDER TO SHOW CAUSE

This matter is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court granted Petitioner leave to proceed *in forma pauperis*. The Court previously stayed this case pending a ruling by the Kansas Court of Appeals in Petitioner's state criminal case. (Doc. 7.) Petitioner has now notified the Court that his state criminal proceedings have concluded. (Doc. 8.) Therefore, the Court lifts the stay. The Court is unable to conduct an initial review of the Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the Court directs Petitioner to file an amended petition clarifying his grounds for relief.

Petitioner sets forth in Ground I of his Petition a claim based on ineffective assistance of trial counsel and appellate counsel. For his supporting facts, he asserts that the District Attorney allowed a witness to falsely testify and that the state court judge was biased. He also alleges judicial bias as Ground II and the false testimony as Ground III. Petitioner does not specify his grounds for relief, including the claims underlying his allegations of ineffective assistance of counsel.

Habeas Rule 2(c) requires a more detailed statement for habeas petitions than Rule 8 of the Federal Rules of Civil Procedure requires for civil proceedings. *Mayle v. Felix*, 545 U.S. 644, 649 (2005). Habeas Rule 2 provides that the petition must:

> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts. "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Mayle*, 545 U.S. at 656 (citing § 2243). "Under Habeas Corpus Rule 4, if 'it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading." *Id*. "If the court orders the State to file an answer, that pleading must 'address the allegations in the petition.'" *Id*. (citing Rule 5(b)).

A habeas petitioner who generally references transcripts, case records, and briefs "patently fails to comply" with the specificity requirements of § 2254. *Adams v. Armontrout,* 897 F.2d 332, 333 (8th Cir. 1990). Federal courts are unwilling "to sift through voluminous documents filed by habeas corpus petitioners in order to divine the grounds or facts which allegedly warrant relief." *Id.* at 333–334 (citations omitted).

Regarding allegations of ineffective assistance of counsel, such a claim must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Strickland v. Washington,* 466 U.S. 668, 690 (1984). Petitioner fails to state a factual

2

basis for his Grounds. As such, the court finds that Petitioner's Grounds fail to comply with the specificity requirements of § 2254.

**IT IS THEREFORE ORDERED THAT** the stay in this case is **lifted**.

**IT IS FURTHER ORDERED** that Petitioner is granted until **March 5, 2021,** in which to file an amended petition that cures the deficiencies set forth in this Order to Show Cause. Failure to submit an amended petition that cures the deficiencies by the deadline may result in dismissal of the petition without further notice.

The Clerk is directed to provide Petitioner with forms and instructions for filing a petition under § 2254.

**IT IS SO ORDERED**.

**Dated February 5, 2021, in Topeka, Kansas.**

                                                **s/ Sam A. Crow**
                                                **Sam A. Crow**
                                                **U.S. Senior District Judge**