**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**DERRICK E. RICHARD,**

                       **Petitioner,**

        **v.**                                      **CASE NO. 20-3197-SAC**

**DANIEL SCHNURR,**

                       **Respondent.**

**ORDER TO SHOW CAUSE**

The matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court has conducted an initial review of the Amended Petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Also before the Court is Petitioner's motion for order excusing one-year statute of limitations (Doc. 17). For the reasons explained below, the Court denies as moot the Petitioner's motion for order excusing one-year statute of limitations (Doc. 17) and directs Petitioner to show cause why this matter should not be dismissed.

**Background**

In 2011, a jury convicted Petitioner of felony murder and criminal possession of a firearm. See *State v. Richard*, 300 Kan. 715, 718-19 (2014)(*Richard I*); (Doc. 14-1, p. 1). The Sedgwick County District Court imposed consecutive sentences of life with eligibility for parole after 20 years for the felony murder and 19

1

months for the criminal possession of a firearm. *Richard I*, 300 Kan. at 719. Petitioner appealed and the Kansas Supreme Court affirmed the convictions and sentences on September 5, 2014. *Id.* at 715.

Petitioner pursued various post-conviction and collateral actions in Kansas state courts. See *Richard v. State*, 2020 WL 288563 (Kan. Ct. App. 2020) (affirming denial of K.S.A. 60-1507 motion for habeas relief); (Doc. 14-1, p. 2 (2019 district court order denying motion to correct illegal sentence and noting it was "at least his second post-appeal Motion to Correct Illegal Sentence")). Petitioner filed his initial § 2254 petition in this Court on July 21, 2020. (Doc. 1.) He sought habeas relief based on allegations of ineffective assistance of trial and appellate counsel, judicial bias, and official misconduct. *Id.*

The Court conducted its initial review of the petition in compliance with Rule 4 and on August 17, 2020, the Court issued an order noting that it appeared that an appeal in Petitioner's criminal case was pending in the Kansas Court of Appeals (KCOA). (Doc. 5, p. 1-2.) Accordingly, the Court ordered Petitioner to show cause why the Court should not dismiss the petition without prejudice to refiling after the state criminal matters concluded. (*Id.* at 2.) After receiving Petitioner's response, the Court stayed this case pending a ruling on the appeal. (Doc. 7.)

The Kansas Supreme Court summarily affirmed on November 30,

2

2020, and issued its mandate on December 29, 2020. *State v. Richard*, Case No. 121893 (Kan.). On February 5, 2021, this Court lifted the stay in this case but was unable to continue its initial Rule 4 review because the petition did not specify his grounds for habeas relief with sufficient particularity, including the factual claims underlying his allegations. (Doc. 9.) The Court therefore directed Petitioner to file an amended petition that cures the deficiencies it had identified. *Id.*

In its November 30, 2020 Order, the Kansas Supreme Court reasoned:

> We summarily affirm the district court's denial of Appellant's motion to correct illegal sentence because the record conclusively refutes Appellant's claim that the district court imposed an illegal sentence by ordering Appellant to serve lifetime postrelease supervision in conjunction with his conviction of first-degree murder. [Citation omitted.] Rather, the record conclusively demonstrates the district court properly acknowledged Appellant is subject to lifetime parole. See *State v. Ross*, 295 Kan. 1126, 1134, 289 P.3d 76 (2012) (recognizing defendant who received offgrid life sentence for felony murder is subject to lifetime parole instead of lifetime postrelease supervision).

(Doc. 14-1, p. 8.)

On May 21, 2021, Petitioner filed his amended petition (Doc. 14), a memorandum in support of his amended petition (Doc. 15), an affidavit regarding his in forma pauperis status

3

(Doc. 16), and a motion for order excusing one-year statute of limitations (Doc. 17). The Court has conducted a Rule 4 screening of the amended petition and will direct the Petitioner to show cause why it should not be dismissed.

**Screening**

The Court has conducted an initial screening of the amended petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. This matter is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). Under the AEDPA, a federal court may grant habeas relief to a state prisoner only if the prisoner first shows that the state court's decision either (1) "was contrary to . . . clearly established Federal law," (2) "involved an unreasonable application of clearly established Federal law," or (3) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Petitioner has narrowed the scope of his amended petition to present only one ground for habeas relief: "The District Court improperly sentenced [him] to lifetime post release supervision contrary to K.S.A. 22-3717." (Doc. 14, p. 5.) As set forth above, the Kansas Supreme Court rejected this claim on state law grounds and on the factual finding that Petitioner was *not* sentenced to lifetime post-release supervision. (See Doc. 14-1, p. 8.) Rather, Petitioner was sentenced to lifetime *parole*. *Id.*

4

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). In other words, "[f]ederal habeas relief does not lie for errors of state law." *Id.* at 67. A petitioner cannot obtain federal habeas relief based on an alleged violation of state law or erroneous interpretation of state law unless the alleged error implicates the federal Constitution. See *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

The amended petition does not explain how the alleged violation of K.S.A. 22-3717 violated Petitioner's federal constitutional rights. Petitioner's memorandum in support of his amended petition appears to be two copies of a motion for summary disposition of a sentencing appeal, possibly the motion ruled on by the Kansas Supreme Court in the order referenced above. (Doc. 15, p. 3-5.) The memorandum references only Kansas state law and does not assert a violation of Petitioner's federal constitutional rights.

The Court therefore directs Petitioner to show cause why this matter should not be dismissed for failure to state a violation of the Constitution, laws, or treaties of the United States.

**Motion for Order Excusing One-Year Statute of Limitations (Doc. 17)**

Petitioner has filed a motion asking this court to excuse his failure to comply with the one-year limitation period established by the AEDPA in 28 U.S.C. § 2244(d). (Doc. 17.) Section 2244(d)(1) establishes a one-year period of limitation for a state prisoner to file a petition for writ of habeas corpus in federal court. It further mandates the date from which the one-year period is calculated. 28 U.S.C. § 2241(d)(1)(A)-(D). Generally, the period runs from the date the judgment becomes "final": the date of "conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2241(d)(1)(A); see *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

The United States Supreme Court explained that "direct review" concludes when a litigant has exhausted available direct appeal to the state courts and request for review by the Supreme Court. *Jimenez v. Quarterman*, 555 U.A. 113, 119 (2009). A party has 90 days from the date of the conclusion of a direct appeal to seek such Supreme Court review, or certiorari. Sup. Ct. R. 13(1). "[I]f a prisoner does not file a petition for writ of certiorari with the United States Supreme Court after [his] direct appeal, the one-year limitation period begins to run when the time for filing a certiorari petition expires." *United States v. Hurst*, 322 F.3d 1256, 1259 (2003). The limitation period begins to run the

6

day after a conviction becomes final. See *Harris v. Dinwiddie*, 642 F.3d 905. 906-07 n.6 (10th Cir. 2011). When calculating whether a petition was filed within the one-year limitation period, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." 28 U.S.C. § 2244(d)(2).

The Kansas Supreme Court affirmed Petitioner's convictions and sentences on September 5, 2014. Because Petitioner did not seek review by the United States Supreme Court, his one-year limitation period to seek federal habeas relief began 91 days later, on approximately December 4, 2014. The time ran until February 26, 2015, when Petitioner filed in state court a motion to correct illegal sentence under K.S.A. 22-3504(2) seeking to correct an error in pretrial jail credit he had received. From that date until November 3, 2020, Petitioner always had at least one post-conviction or other collateral review action pending in the state courts.

Before his first motion to correct illegal sentence was resolved, Petitioner filed a motion for habeas relief under K.S.A. 60-1507. Before the Kansas Court of Appeals issued the final order in the 60-1507 action, Petitioner filed a second motion to correct illegal sentence. The Kansas Supreme Court did not issue the final order regarding the second motion until November 30,

7

2020. At that point, the one-year limitation period would have begun to run again, but Petitioner had already filed his initial petition for habeas relief in this Court on July 21, 2020. Thus, Petitioner did not exceed the one-year limitation period and the Court denies as moot his motion for order excusing the one-year statute of limitations.

**IT IS THEREFORE ORDERED** that Petitioner's Motion for Order Excusing One-Year Statute of Limitations (Doc. 17) is **denied as moot.**

**IT IS FURTHER ORDERED** that Petitioner is granted until **July 9, 2021**, in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his habeas claims should not be dismissed for failure to allege a violation of the Constitution, laws, or treaties of the United States.

**IT IS SO ORDERED.**

DATED:  This 10th day of June, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge