IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DERRICK E. RICHARD,**

    **Petitioner,**

    v.                                                                                                           **CASE NO. 20-3197-SAC**

**STATE OF KANSAS,**

    **Respondent.**

## **ORDER**

This matter is a *pro se* petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The Court granted Petitioner leave to proceed *in forma pauperis*. On July 12, 2021, the Court entered an Order and Judgment dismissing this matter. (Docs. 21, 22.) This matter is before the Court on Petitioner's "Motion for a New Trial for Objections and Newly Discovered Evidence Federal Rule Civil Procedure 59[a]" filed on July 21, 2021 (Doc. 23). The Court denies the motion.

In his motion, Petitioner states that he is objecting to the Magistrate Judge's "dispositive Rule 72" alleging that the "rule does not extend to habeas corpus petitions." (Doc. 10, at 1.) Petitioner then alleges a due process violation and states that under Fed. R. Civ. P. 46 he has ten days to object to the Magistrate Judge's recommendations. *Id.* at 2.

The Court previously denied Petitioner's motion at Doc. 20, which referred to objections to a magistrate's findings. (Doc. 21, at 2.) The Court stated that "[i]t is unclear what Petitioner is referencing as no magistrate judge has been assigned to this case . . . ." *Id.* Although it is unclear why Petitioner is referencing a magistrate judge's recommendation, the Court will treat Petitioner's current motion as a motion to alter or amend the Court's July 12, 2021 Order and Judgment.

1

Local Rule 7.3 provides that "[p]arties seeking reconsideration of dispositive orders or judgments must file a motion pursuant to Fed. R. Civ. P. 59(e) or 60." D. Kan. Rule 7.3(a). Because Petitioner's motion was filed within 28 days after the entry of the order, the Court will treat it as a motion under Rule 59. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

A motion to alter or amend under Fed. R. Civ. P. 59(e) may be granted when "the court has misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). A motion to alter or amend judgment pursuant to Rule 59(e) may be granted only if the moving party can establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Motions to alter and amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012). "[O]nce the district court enters judgment, the public gains a strong interest in protecting the finality of judgments." *Id*. at 929 (citation omitted). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *See Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006); *Zucker v. City of Farmington Hills*, 643 F. App'x 555, 562 (6th Cir. 2016) (relief under R. 59(e) is rare).

Petitioner does not meet the exacting standard for relief under Fed. R. Civ. P. 59(e). Petitioner has failed to establish an intervening change in the controlling law; the availability of

new evidence that could not have been obtained previously through the exercise of due diligence; or the need to correct clear error or prevent manifest injustice.  In sum, Petitioner has failed to meet the standard required for this Court to alter or amend its July 12, 2021 Order and Judgment, and that ruling stands.

**IT IS THEREFORE ORDERED THAT** Petitioner's "Motion for a New Trial for Objections and Newly Discovered Evidence Federal Rule Civil Procedure 59[a]" (Doc. 23) is **denied.**

**IT IS SO ORDERED**.

**Dated July 23, 2021, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**